UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIGOBERTO GARCIA,<br>    Plaintiff | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:09-cv-3340 |
| MANN BRACKEN LLP,<br>    Defendant | § § § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Rigoberto Garcia, Plaintiff in the above-numbered and styled case, complaining of and against Mann Bracken LLP, and for cause of action would respectfully state the following:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et. seq*. (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.40 *et. seq.* (hereinafter "DTPA"), which prohibits deceptive acts or practices in the conduct of any trade or commerce.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claims is afforded by 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.   Plaintiff, Rigoberto Garcia, is an individual residing at 6015 Market Street, Houston, Harris County, Texas 77020.

4.  Defendant Mann Bracken, LLP, is a foreign limited liability partnership engaged in the business of collecting debts in this state with its principal place of business located at 702 King Farm Blvd., Rockville, Maryland 20850.  Defendant Mann Bracken, LLP, may be served through its registered agent listed with the Texas Secretary of State, CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201.   The principal purpose of Mann Bracken, LLP,  is the collection of debts using the telephone and mail, and the defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant Mann Bracken, LLP,  is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and the TDCA, Tex. Fin. Code §  392.001(6).

### IV.  FACTUAL ALLEGATIONS

6.   On or about November, 2006, Plaintiff, Rigoberto Garcia, applied for credit to pay for a medical procedure through Care Credit.   The account was only used for personal, family or household purposes.

7.  On or after December, 2007, Plaintiff defaulted on the payment of his Care Credit account (hereinafter "debt").

8.  On or about September 9, 2009, Plaintiff called Defendant in response to a collection letter he received dated May 22, 2009.

9.  Plaintiff's call was answered by a collector named Jessica Booth who informed Plaintiff that a lawsuit had been filed against him in Harris County.

10. Defendant's collector, Jessica Booth, advised Plaintiff that he had twenty-four hours to pay off his debt or else Defendant would proceed with its lawsuit.

11. Defendant's collector, Jessica Booth, also told Plaintiff that if he failed to pay his debt, Defendant would garnish his wages.

12. On or about September 10, 2009, Plaintiff spent time contacting various Justice of the Peace court clerks throughout Harris County, Texas in an effort to obtain information about the lawsuit Defendant said it had filed against Plaintiff. Plaintiff's research did not return any suits filed against him by Defendant, either in the Justice of the Peace or County Courts, Harris County, Texas.

13. Later that day, Plaintiff contacted the Texas Consumer Complaint Center (hereinafter "TCCC") at the University of Houston in an effort to understand his rights under debt collection laws. Plaintiff communicated with a student at the TCCC named Elise Selinger who obtained Plaintiff's permission to contact Defendant on his behalf. Ms. Selinger's goal was to resolve the debt by negotiating a payment plan and to learn whether Plaintiff had misunderstood Defendant's threats.

14. Later that day, Ms. Selinger spoke with Defendant's collector, Jessica, who would not provide any information regarding the account. Ms. Selinger explained that she was merely seeking generic payment plan options, and not information specific to Plaintiff's financial information or debt.

15. Ms. Selinger also sought more information about the twenty-four hour time limit and the threat of wage garnishment, as indicated by Plaintiff. Defendant's collector insisted that Defendant could garnish Plaintiff's wages and advised that Ms. Selinger study Texas debt collection law.

16. By September 11, 2009, Plaintiff was afraid that he would suffer the consequences of having missed the twenty-four hour time frame to follow up with the Defendant. Unable to obtain information about the purported lawsuit against him, and with no resolution available through the TCCC, Plaintiff called Defendant on September 11, 2009. Plaintiff contacted Defendant to inform its collector, Jessica, that he was unable to obtain funds from a retirement plan through his employer or any other means.

17. The parties engaged in settlement negotiations. Defendant agreed to reduce the balance owed if Plaintiff agreed to make four monthly payments of $500.00 and three monthly payments of $411.00 thereafter, for a total of $3,233.00. Although the parties had seemingly reached an agreement, Defendant did not have his checkbook available to provide routing information to Defendant.

18. On or about September 14, 2009, Plaintiff called Defendant to provide his banking information. Plaintiff could not reach Defendant's collector, Jessica. He left his banking information in a voice message for her. Plaintiff also reiterated the agreement the two had reached from September 11, 2009.

19. Later that day, Plaintiff called Defendant to request that Defendant send him something in writing to confirm the settlement plan. Ms. Booth indicated that Defendant can only send out a generic letter that will confirm four monthly payments of $500.00 with a balance to be paid at a later date.

20. Plaintiff's call was transferred to a manager. The manager said that he did not have to accept the settlement agreed to between Plaintiff and Defendant's collector, Jessica Booth.

21. The manager further informed Plaintiff that Ms. Booth had no authority to make the offer to Plaintiff. The manager offered a payment plan of four monthly payments of $500.00 with a remaining balance of approximately $2,740.00.

22. Plaintiff questioned why the manager was changing the settlement terms. In response the manager advised Plaintiff not to cry when the Harris County Constable comes by to pick him up from his home or place of employment.

23. In a letter dated September 15, 2009, Defendant wrote to Plaintiff that he owes a balance of $4,728.24 and that Defendant it will accept Plaintiff's payment as follows:

> "$500.00 on 09-30-2009 auto check then $500.00 on 10/30/2009 then
> $500.00 on 11/30/2009 then $500.00 on 12/31/2009 Temporary payment

arrangement.  As agreed, please call back on 12/15/2009 to discuss balance"

24.  Defendant's letter also states, "We will ask the Court to enter a judgment against you but stay any execution on the judgment as long as full and timely payments are made."

25.  In response to Defendant's letter, on or about September 29, 2009, Plaintiff faxed a letter to Defendant notifying Defendant that he did not agree to the terms stated and that Defendant is not authorized to remove any funds from his bank account.

26.  As a result of Defendant's debt collection tactics, Plaintiff has suffered anxiety, frustration, fear and emotional distress.

## V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

27.  Plaintiff incorporates paragraphs 1-26 above.

28.  Defendant violated the FDCPA by threatening Plaintiff with wage garnishment and impending arrest in violation of 15 U.S.C. § 1692e(4) and (10).

29.  Defendant violated the FDCPA by using false, misleading representations and unfair practices in limiting Plaintiff's time to resolve the debt to twenty-four hours in violation of 15 U.S.C. § 1692e and 1692f.

30.  Defendant violated the FDCPA by unilaterally changing the terms of the settlement agreement with Plaintiff in violation of 15 U.S.C. § 1692e.

31.  As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT

32.  Plaintiff incorporates paragraphs 1-26 above.

33.  Defendant violated the TDCA by threatening to have Plaintiff arrested in violation of Tex. Fin. Code §§ 392.301(a)(5) and (6) and 392.304(a)(19).

34. Defendant violated the TDCA by representing falsely the status of the services rendered by the Defendant in violation of Tex. Fin. Code § 392.30(a)(14).

35. Defendant violated the TDCA by threatening property seizure for nonpayment of a consumer debt without proper court proceedings in violation of Tex. Fin. Code § 392.301(a)(7).

36. Because violations of the TDCA constitute deceptive trade practices under Tex. Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. Furthermore, because the Defendant acted knowingly and/or intentionally Plaintiffs are entitled to additional damages under the DTPA.

## VI. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d) including fees in the event of appeal;

D. Treble damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

E. Such other and further relief as may be just and proper.


Respectfully submitted,

 /s/ Dana Karni_____
DANA KARNI
KARNI LAW FIRM, P.C.
State Bar No. 24044379
S.D. Texas Bar No. 592484
4635 Southwest Freeway, Suite 610
Houston, Texas 77027
Telephone:   (713) 552-0008
Facsimile:    (713) 454-7247
DKarni@TexasConsumerDebt.com